***********
The Full Commission reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Holmes.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. At the time of the alleged injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. At all relevant times, Gallagher Bassett Services was the workers' compensation carrier.
4. Plaintiff's average weekly wage is $800.65.
5. The contested issue is whether plaintiff sustained a specific traumatic incident arising out of and in the course and scope of his employment on or about January 18, 2004.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has worked for defendant-employer for approximately 26 years. Plaintiff had a previous injury to his neck which required a fusion surgery.
2. Plaintiff was performing the duties of his employment, strapping down tires, when he felt pain in his neck and shoulders. On January 18, 2004, he reported this incident and problem to his supervisor, Jim Daniels. Plaintiff decided he would attempt to continue working with the assistance of co-employees because the crew he was working on was already short-handed and if he were to stop working, it would place a hardship on the remainder of the crew.
3. On or about February 2, 2004, plaintiff reported to his supervisor, Jim Daniels, again that he was feeling pains in his neck and shoulders and the pain at that point had reached an intensity that he could no longer continue strapping down tires. Plaintiff and his supervisor reached a conclusion that he should report to the company nursing station and make an official report of this injury.
4. Upon reporting the injury to the company nursing station, plaintiff was sent to OccMed for medical treatment. OccMed rendered emergency treatment on that date and placed plaintiff on work restrictions, including no strapping down of tires while at work.
5. Plaintiff worked until February 10, 2004, according to the medical restrictions he was placed on by OccMed. At this time the employer, because of complaints from a co-employee that it was no longer physically possible for employees to cover plaintiff's job, the employer placed plaintiff on non-work related disability and removed him from work.
6. Plaintiff obtained medical treatment from Dr. Murray, Dr. Vandernoord and Dr. Lehman with all the doctors agreeing that he had suffered a new onset of pain in his neck and shoulders at a site which had been injured in the past, and that the new onset of pain was the result of his strapping down of tires at work, and placed him on significant work restrictions.
7. Dr. William Lehman is plaintiff's current treating physician and Dr. Lehman has specifically stated it is his medical opinion that plaintiff is at this time unemployable until such time as he receives a functional capacity evaluation and/or vocational rehabilitation. Plaintiff has not reached MMI and remains temporarily disabled.
8. Dr. Murray and Dr. Vandernoord agree that plaintiff has suffered a new onset of pain in his neck and shoulders as a result of the work activities of strapping down tires and have placed him on significant work restrictions.
9. Plaintiff continues to be unemployed as a result of the work related injury of January 18, 2004. He has not looked for other employment.
10. Plaintiff has been receiving short-term disability payments from his employer. These benefits are completely funded by the defendant-employer.
11. Plaintiff's attorney has rendered valuable legal services to plaintiff for which he would not be compensated if full credit for short-term disability is given. An appropriate credit for short term disability payments under these circumstances is 75% of the short-term benefits paid each week on a week-by-week rather than on a dollar-for-dollar basis.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. On January 18, 2004, Plaintiff sustained an injury by specific traumatic incident to his neck and back as defined in N.C. Gen. Stat. §97-2(6).
2. Plaintiff is entitled to temporary total disability compensation at the rate of $533.80 per week from February 10, 2004, through the present and until such time as he returns to gainful employment at the same or greater wages, as a result of this injury by accident. N.C. Gen. Stat. §97-29.
3. Plaintiff is entitled to have defendants provide all medical compensation arising from the injury of January 18, 2004. N.C. Gen. Stat. §§ 97-2(19) and 97-25.
Defendants are entitled to an appropriate credit for the short-term benefits that have been paid to plaintiff. Since Plaintiff's attorney has rendered valuable legal services to plaintiff for which he would not be compensated if full credit for short-term disability is given, an appropriate credit for short term disability payments under these circumstances is 75% of the short-term benefits paid each week on a week-by-week rather than on a dollar-for-dollar basis. N.C. Gen. Stat. §97-42.
4. Plaintiff has failed to show that defendants did not have sufficient reason to defend this claim. N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff, subject to an approved attorney fee provided below, at the rate of $533.80 per week from February 10, 2004, and continuing until further order of the Commission. The amount that has accrued shall be paid to plaintiff in a lump sum. The Defendants are entitled to take an appropriate credit for short-term disability benefits paid since February 10, 2004.
2. An attorney fee of twenty-five percent (25%) of the compensation benefits awarded to plaintiff in paragraph one of this award is approved for plaintiff's counsel. Attorney's fees that have accrued shall be paid to plaintiff's counsel in lump sum promptly after the filing date of this Opinion and Award; thereafter, defendants shall send every fourth compensation check to plaintiff's attorney.
3. Defendants shall pay for all medical treatment incurred or to be incurred as a result of plaintiff's compensable injury of January 18, 2004, for so long as said treatment effects a cure, gives relief, or tends to lessen plaintiff's period of disability.
4. Plaintiff shall cooperate with any reasonable requests by defendants relating to plaintiff's participation in vocational rehabilitation.
5. Defendants shall pay the costs, including an expert witness fee of $275.00 to Dr. Ronald Vandernoord and $400.00 to Dr. William L. Lehman, if not paid pursuant to prior order.
This 3rd day of October 2005.
 S/_________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/_________________ CHRISTOPHER SCOTT COMMISSIONER
DISSENTING:
 S/_________________ BUCK LATTIMORE CHAIRMAN